FILED
SUPERIOR COURT
OF GUAM

2021 NOV -9 PM 4: 50

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

DOYLE L. PERRY,

Petitioner,

vs.

PEOPLE OF GUAM,

Respondent.

SPECIAL PROCEEDINGS NO. SP0074-21

**DECISION AND ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL AND SETTING BRIEFING SCHEDULE**

This matter is before the Honorable Dana A. Gutierrez based on Petitioner Doyle L. Perry's ("Petitioner") Motion for Appointment of Counsel. Respondent People of Guam ("Respondent") is represented by the Office of the Attorney General, by and through Assistant Attorney General Marianne Woloschuk, and Petitioner Doyle L. Perry ("Petitioner") is *pro se*. Upon a review of the applicable law and in the interest of judicial economy, the Court hereby **DENIES** Petitioner's Motion for Appointment of Counsel and sets a briefing schedule on Respondent's Motion to Dismiss Petition for Writ of Habeas Corpus.

### BACKGROUND

In *People v. Doyle Lamont Perry*, Criminal Case No. CF0230-06, a jury convicted the Petitioner of the following charges: 1) Three Counts of First Degree Criminal Sexual Conduct (As a First Degree Felony); 2) Three Counts of Second Degree Criminal Sexual Conduct (As a First Degree Felony); 3) Three Counts of Third Degree Criminal Sexual Conduct (As a Second Degree Felony); 4) Assault With Intent to Commit Criminal Sexual Conduct (As a Third Degree

Felony); 5) Aggravated Assault (As a Second Degree Felony); and 6) Terrorizing (As a Third Degree Felony). Judgment (Nov. 13, 2007). The Petitioner was sentenced to serve a total of fifty-one (51) years imprisonment. *Id.*

The Petitioner appealed and argued that the trial court committed error in its final jury instructions in reciting the allegations of the indictment and by instructing that the government needed to prove at least one act for each charge, as opposed to clearly instructing that all essential elements must be proved beyond a reasonable doubt. *People v. Perry*, 2009 Guam 4 ¶ 2. The Guam Supreme Court held that although the jury instructions were flawed, the error was not preserved at trial and thus was subject to a plain error standard of review. *Id.* at ¶ 50. Under the plain error standard of review, the Guam Supreme Court ultimately held that the Petitioner failed to meet his burden of showing that the error affected his substantial rights and therefore the trial court's verdict was affirmed. *Id.*

On May 25, 2021, Petitioner filed a Petition for Writ of Habeas Corpus alleging ineffective assistance of counsel during his trial. Petition, at 3 (May 25, 2021). Petitioner simultaneously filed a Motion for Appointment of Counsel and a Motion to Proceed in Forma Pauperis. The Motion to Proceed in Forma Pauperis was granted by the Honorable Alberto C. Lamorena on May 25, 2021. Respondent filed their Opposition to the Motion for Appointment of Counsel on July 26, 2021 and Petitioner filed his Reply to Respondent's Opposition on August 11, 2021. The Court took the matter under advisement and now issues this decision and order.

## DISCUSSION

The Local Rules of the Superior Court require the Court to appoint legal counsel in certain circumstances but grant the Court discretion to appoint counsel in other situations.

2

Appointment of counsel is mandatory for persons financially unable to obtain adequate representation who are "entitled to appointment of counsel under the Sixth Amendment to the United States Constitution, or facing loss of liberty and Guam law, the United States Constitution, or the applicable provision of the Organic Act[.]" MR 1.1.1 (a)(4). Appointment of counsel is discretionary for persons financially unable to obtain representation and whose "rights under the United States Constitution (or the Organic Act) may be substantially infringed without the appointment of counsel." MR 1.1.1 (b)(3).

## A. Appointment of Counsel in Habeas Proceedings Is Not Mandatory.

The Sixth Amendment of the United States Constitution provides that an accused shall enjoy the right to have the "assistance of counsel for his defense." U.S. Const. Amend. VI. However, "[t]here is no constitutional right to an attorney in state post-conviction proceedings." *Coleman v. Thompson*, 501 U.S. 722, 754 (1991) (citation omitted). "Although the federal Constitution requires that counsel be appointed for indigent criminal defendants when a conviction results in imprisonment, this requirement does not extend, as a federal constitutional matter, to post conviction collateral attacks on a conviction or sentence in state or federal court." *Habeas Corpus Resource Center v. U.S. Dept. of Justice*, 816 F.3d 1241, 1244 (9th Cir. 2016) (citing *Alabama v. Shelton*, 535 U.S. 654, 661-62 (2002)). Accordingly, the mandatory provisions of MR 1.1.1 do not apply to this proceeding.

## B. The Court Has Discretion to Appoint Petitioner Counsel.

If the Court finds that Petitioner's rights may be substantially infringed absent legal representation, the Court may exercise its discretion to appoint Petitioner counsel. MR 1.1.1(b)(3).

3

> In deciding whether to appoint counsel in a habeas proceeding, the trial court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in the light of the complexity of the legal issues involved. These considerations are not separate and distinct from the underlying claim, but are inextricably enmeshed with them.

*Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983). In applying this standard, the Court considers whether Petitioner may likely succeed and whether the issues are simple enough for Petitioner to articulate them *pro se*.

### 1. Likelihood of Success.

The likelihood of Petitioner's success on the merits is not strong in this case. Petitioner's habeas proceeding is based on an allegation of ineffective assistance of counsel. Petition, at 3. To establish ineffective assistance of trial counsel, a petitioner must show: 1) his counsel's performance was deficient in that it was objectively unreasonable under previous professional norms; and 2) it prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).

Here, Petitioner's claim of ineffective assistance of counsel is based on Petitioner's assertion that his attorney failed to "provide an expert witness for defense to rebut the prosecution's DNA witness." Petition, at 3. In *Leavitt v. Arave*, the Ninth Circuit held that the petitioner did not sufficiently demonstrate ineffective assistance of counsel under the standard established by *Strickland v. Washington* where the trial attorneys declined to call their client's (*i.e.* the defendant at the trial and the petitioner at the habeas proceeding) expert witness. *Leavitt v. Arave*, 682 F.3d 1138, 1141 (9th Cir. 2012). The *Leavitt* Court reasoned that the petitioner's allegation of ineffective assistance of counsel based on this claim failed because the petitioner did not show that the result of the trial would have been different if his expert had testified. *Id.*

Further, "while the Constitution requires that a criminal defendant receive effective

4

assistance of counsel, the presentation of expert testimony is not necessarily an essential ingredient of a reasonably competent defense." *Bonin v. Calderon*, 59 F.3d 815, 834 (9th Cir. 1995); *see, e.g., Warfield v. Frauenheim*, 2020 WL 8084326, at *9, n. 7 (C.D. Cal. 2020) (an attorney's decision not to call a witness constitutes a matter of trial tactics that a court in a habeas proceeding should not second-guess); *U.S. v. Harden*, 846 F.2d 1229, 1232 (9th Cir. 1988) (decision not to call witness to testify was not unreasonable).

Although Petitioner alleges that the testimony of an expert on his behalf "may have convinced the jury that the DNA evidence was misleading for it is the only physical evidence from the prosecution," Petitioner does not demonstrate that his purported expert's testimony would have changed the outcome of his trial. In fact, a review of the Guam Supreme Court's opinion regarding Petitioner's trial reveals that the People's expert apparently did explain that there could have been other "possible contributors" to the DNA evidence. *Compare People v. Perry*, 2009 Guam 4 ¶ 44 (summarizing the expert's testimony), *with* Petition, at 3 (alleging that the People's expert "may have drawn the wrong conclusion from the evidence since there was [sic] at least 3-4 possible contributors to DNA evidence[.]"). Thus, the Court has doubts about Petitioner's likelihood of success on the merits.

### 2. Complexity of the Issues.

The Ninth Circuit holds that there is no constitutional right to counsel in habeas proceedings. *Bonin v. Vasquez*, 999 F.2d 425, 429 (9th Cir. 1993). There is a limited exception to this rule where "the case is so complex that due process violations will occur absent the presence of counsel." *Id.* at 428. This analysis depends "on the particular circumstances of each case." *Rodgers v. W.A. Merkle*, 1995 WL 108196, at *3 (N.D. Cal. 1995). In determining

whether "the complexities of the case are great," the Court must "consider whether the petitioner is capable of presenting his contentions in a coherent and forceful manner." *Id.* Even where a petitioner argues that "he has no legal training, has limited education, has difficulty understanding the nature of the proceedings," and suffers from "physical and mental disabilities," the issues of the habeas proceeding may not be sufficiently complex to warrant the appointment of counsel. *Id.*

In this case, upon a review of the Petition and Motion for Appointment of Counsel, the Court does not find the issues raised in this matter to be sufficiently complex. Essentially, Petitioner's habeas proceeding is based on his contention that his attorney's conduct may have fallen below the objective standard of reasonableness by failing to provide a rebuttal expert witness. Petition, at 3. An allegation of ineffective assistance of counsel is not an intrinsically "complex" issue, and in order to warrant the appointment of counsel, the Petitioner must show that the complexity of the issues is exceptional. *See, e.g., Bonin*, 999 F.2d at 429; *Rodgers*, 1995 WL 108196, at *3; *U.S. v. Tapio*, 991 F.Supp. 1144, 1147 (D.S.D. 1998) (denying appointment of counsel because petitioner's sole claim of ineffective assistance of counsel does not require complex legal reasoning or analysis).

Ultimately, this Court has doubts about Petitioner's likelihood of success on the merits and finds that the issues raised in this case are not exceptionally complex. Therefore, in the interest of judicial economy, the Court will not exercise its discretion to appoint counsel for Petitioner in this matter.

## CONCLUSION

In accordance with the applicable law and for the foregoing reasons, the Court hereby

---

**ORDERS** that:

1. Petitioner's Motion for Appointment of Counsel is **DENIED**;

2. Respondent's Motion to Dismiss Petition for Writ of Habeas Corpus is no longer held in abeyance;

3. Any oppositions to Respondent's Motion to Dismiss Petition for Writ of Habeas Corpus shall be filed within **twenty eight (28) days** of service of this Order. As Petitioner is confined at the Guam Department of Corrections and must mail court filings, if he files an opposition, such opposition shall be deemed timely if postmarked no later than **twenty eight (28) days** after service of this Order is effected upon him;

4. Any reply to such opposition shall be filed within **fourteen (14) days** of service of the opposition; and

5. The Court will schedule the matter for hearing upon a review of the filings, if necessary.

SO ORDERED: _____0 9 NOV 2021_____

**SERVICE VIA E-MAIL**
I acknowledge that an electronic
copy of the original was e-mailed to:
_____AG's_____

NOV Date: 0 9 2021 Time: 5:09 pm
Edna M. Nego
Deputy Clerk, Superior Court of Guam

_____
**HONORABLE DANA A. GUTIERREZ**
Judge, Superior Court of Guam

**RECEIVED**
_____Thomas Ddas_____
Print Name
_____
Sign.
_____11-9-21_____
Date

7